UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN K. ALLEN,

      Petitioner,

v.                                     Case No. 8:10-cv-1088-T-23TGW

CHIEF DEAN HORRIANOPOLOUS,

      Respondent.

                                         /

## **O R D E R**

Allen petitions for the writ of habeas corpus (Doc. 1), apparently challenging the validity of his state conviction from Pinellas County. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the petition for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Allen's petition fails to substantially comply with the requirements of Rule 2(c), Rules Governing Section 2254 Cases, because the petition is not written on the court-required form and the document submitted by Allen fails to include much of the information necessary for a proper preliminary review. Additionally, the petition fails to disclose relevant dates showing when his direct appeal concluded and whether he commenced a state post-conviction proceeding. A preliminary assessment of the petition's timeliness under the provisions of 28 U.S.C. § 2244(d) is not ascertainable without these dates. See Jackson v. Sec'y, Dep't of Corr., 292 F.3d 1347, 1349 (11th

Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus <u>sua</u> <u>sponte</u>).

Allen is advised that the one-year limitation will continue to run until Allen files a proper petition for the writ of habeas corpus. <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice as insufficient. The clerk shall send to Allen a copy of the standard Section 2254 habeas corpus form used in this district. Allen must use the required form and commence a new case to pursue a challenge to his conviction. The clerk shall close this case.

ORDERED in Tampa, Florida, on May 12, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE